## Case No. 9,928.

### MUNROE v. COCKE et al.

[2 Cranch, C. C. 465.][1]

Circuit Court, District of Columbia. April Term, 1824.

ATTACHMENT—AMOUNT OF DEBT—AFFIDAVIT.

In order to obtain an attachment under the Maryland act of 1795, c. 56, the affidavit must be positive as to the amount of the debt.

[This was an attachment by Robert Munroe against the effects of Samuel Robertson in the hands of Buller Cocke and others. It was first heard as to the sufficiency of the attachment upon certain lands of the debtor conveyed by him to secure creditors. The deed was claimed to be void. Case No. 9,-927.]

Attachment under the Maryland act of 1795, c. 56 (1 Dorsey's Laws, 320). The affidavit upon which the justice of the peace made his warrant to the clerk of this court to issue an attachment, states "that Samuel Robertson, not being a citizen of the District of Columbia, and not residing therein, is bona fide indebted to him, the said Robert Munroe, the sum of $2,053.37 over and above all discounts, and the said Munroe at the same time produces the account current which is hereunto annexed, by which the said Samuel is so indebted; and the said Robert likewise states that he has drawn on the said Robertson for the sum of $1,500, and also for the sum of $2,223.10, which drafts, though not due, the said Robert understands from the said Robertson, and verily [believes] will not be paid, and further, that the latter draft for $2,223.10 hath never been accepted by the said Robertson, and the said Robert had therefore allowed no credit or discount for said drafts. He further states that said Robertson informed him, some time ago, that he would be entitled to a charge against said Robert's account, for some loss that he expected would accrue in the sale of certain flour on their joint account; no account has been exhibited stating the amount of such loss, and therefore he had allowed said Robertson, in stating his account, no credit." The warrant of the justice of the peace to the clerk of this court, says, "upon the receipt of this, together with the annexed proofs, you are required to issue an attachment against the goods and chattels, lands and credits of Samuel Robertson, and for so doing this shall be your warrant, as witness my hand and seal." &c. Upon the return of the writ of attachment—

J. Dunlop, for plaintiff, moved for judgment of condemnation.

THE COURT (nem. con.) was of opinion, that judgment could not be granted, on account of the uncertainty and irregularity of the affidavit and warrant. Attachment quashed.

[1] [Reported by Hon. William Cranch, Chief Judge.]

MUNROE (DEXTER v.). See Case No. 3,863.

MUNROE (DUNLOP v.). See Case No. 4,167.

MUNROE (GRAY v.). See Case No. 5,724.

## Case No. 9,929.

### MUNROE v. MANDEVILLE et al.

[2 Cranch, C. C. 187.][1]

Circuit Court, District of Columbia. Nov. Term, 1819.

NOTES—DEMAND OF PAYMENT—PROTEST—NOTICE.

A demand of payment of a note on the third day of grace, after bank hours, and notice to the indorser and protest on the same day, are not too soon, if the note is in bank for collection, and the maker has been notified thereof; such being the usage of the banks.

Assumpsit [by Munroe's executors] against the defendants [R. & J. Mandeville], as indorsers of J. F. Caldwell's promissory note. The note was deposited in a bank in Alexandria, for collection. The maker had notice, before the expiration of the days of grace, that it was so deposited. Payment was demanded of the maker, after bank hours on the third day of grace, and notice given to the defendants, on the same day, that the maker had not paid. The general usage to deposit notes in the bank, for collection, was known by the defendants, and that bank hours closed at 3 o'clock p. m. The note was not made payable at any bank. It was protested on the third day of grace, after the demand and notice aforesaid.

Mr. Taylor, for plaintiffs, had cited Parker v. Gordon, 7 East, 385.

THE COURT (THRUSTON, Circuit Judge, absent), after taking time to consider till the next term, rendered judgment for the plaintiffs, upon the case stated.